THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR09-0315-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ERNEST WHITE, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant pled guilty to one count of felon in possession of a firearm. (Dkt. Nos. 22, 24.) He was sentenced by the Court to 96 months of imprisonment, followed by 3 years of supervised release. (Dkt. No. 30.) His supervised release began in September 2016. (Dkt. No. 36 at 2.)

Defendant now asks the Court to terminate his supervised release 4 months early. (Dkt. No. 36.) Defendant asserts that early termination is appropriate because he has had very few violations while on probation and because he understands the seriousness of being in possession of a firearm. (*Id.*) Defendant also asserts that his commitment to mental health treatment warrants early termination of his supervision. (*Id.*) Probation does not support early termination

because of Defendant's criminal history and present homelessness. (*Id.* at 3.) The Government objects to early termination because, although Defendant has been crime-free on supervision, he continues to struggle—he is homeless and Probation believes that Defendant has lied about where he is staying. (Dkt. No. 37.)

## II. DISCUSSION

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly-situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)).

The Court considers each of the § 3553(a) factors in light of Defendant's case. Defendant's underlying offense is felon in possession of a firearm. (Dkt. No. 18.) Partially because of Defendant's lengthy and violent criminal history, he received a substantial term of incarceration. (Дkt. No. 30.) Given this history, a lengthy period of incarceration and supervision was necessary to protect the public from Defendant. And given his violent criminal history, the nature of his most recent offense is concerning. (*See* Dkt. No. 18.) Defendant's criminal history and the need to protect the public from further crimes weigh against early termination.

Moreover, Defendant's characteristics and the need to provide him with correctional treatment weigh against early termination. Defendant is currently homeless. (*See* Dkt. No. 36.) He spends most of his time going back and forth to doctors' appointments and the library. (*Id.*) Defendant currently participates in and is committed to mental health treatment. (*Id.*) While on supervision, Defendant has been successful at seeking help for his mental health issues, which in turn has kept him crime free. (*Id.*) Structure appears helpful to Defendant.

In consideration of all of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that terminating Defendant's supervision would not be in the interests of justice. The Court gives particular weight to Defendant's characteristics and criminal history and the need to provide him with correctional treatment.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of his supervised release (Dkt. No. 36) is DENIED.

DATED this 20th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE